COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

July 26, 2017

*via First Class Mail & Certified Return Receipt*
Mr. Jordan Brandon
200 E. 62nd Street, Apt. 25B
New York, NY 10065

Christopher P. Simon, Esquire
Kevin S. Mann, Esquire
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19801

> Re:   *IMO:  The Irene Eisenberg Trust U/A/D May 11, 2012*
>        C.A. No. 12207-MZ

Dear Counsel and Mr. Brandon:

Stanley Eisenberg ("Stanley[1]"), as co-trustee of the Irene Eisenberg Trust

U/A/D May 11, 2012 ("the Trust"), filed a petition for trust reformation on April

14, 2016.  The petition asserts the settlor, Stanley's mother, intended the Trust to

benefit two of her children and their families, but intended to exclude Stanley,

Stanley's family, and Stanley's brother and co-trustee Walter Eisenberg

("Walter").  The petition claims a scrivener's error frustrated the settlor's intent by

---

[1] Because relevant individuals share the same last name, I use first names in pursuit of clarity.  I intend no disrespect.

including Walter, Stanley, and Stanley's family as beneficiaries. In support, the petition relies on an August 8, 2014, affidavit executed by the settlor; a scrivener's affidavit executed by the attorney who drafted the Trust; and the settlor's other estate planning documents, as amended. All potential beneficiaries except Jordan Brandon filed consents or non-objections.

On February 28, 2017, Walter replaced Stanley as petitioner, because Stanley reached the Trust's specified age limit for serving as trustee. On May 30, 2017, Jordan Brandon appeared in Court and for the first time objected to the relief sought.[2] Jordan is Stanley's grandson; granting the petition would remove Jordan and his mother as beneficiaries of the Trust. With Jordan's agreement, I set a June 19, 2017, deadline for Jordan to answer the petition. On June 23, 2017, Walter filed a motion for judgment on the pleadings, based in part on Jordan's failure to answer the petition. On June 26, 2017, the Court sent Jordan a letter explaining that if a written response was not received within twenty days, the motion would be considered unopposed.

That same day and over the following weeks, Jordan submitted written responses alleging that the settlor intended to benefit Jordan and his mother, and that Stanley unduly influenced the settlor, exercised undue influence over other

---

[2] Jordan turned eighteen after the petition was filed. After settlement discussions, Jordan's mother filed a waiver of notice and non-objection to the petition.

family members to obtain their consent to the petition, and prevented Jordan's

mother from assisting Jordan in this litigation.[3] Jordan submitted documents

indicating past financial assistance by the settlor and past arguments with Stanley

over finances and other issues; family pictures; and videos of himself and the

settlor allegedly proving Stanley unduly influenced the settlor to sign the August 8,

2014, settlor's affidavit. Jordan also submitted a September 9, 2014, letter from

the Trust's scrivener to Stanley describing the settlor's estate planning and whether

Stanley and Walter were correctly included in the Trust. Given Jordan's pro se

status, young age, and processing delays with regard to his submissions, I accept

his submissions as his response to the pending motion and as his answer to the

petition.[4]

Walter replied on July 24, 2017, requesting the Court grant summary

judgment in his favor. Walter did not address the substance of Jordan's

allegations, but rather based his request on their tardiness, informality, and breadth.

Jordan's submissions present matters outside the pleadings in response to the

pending motion for judgment on the pleadings. Like Walter, I therefore treat

Walter's pending motion as one for summary judgment.[5]

---

[3] Docket Item ("D.I.") 52; *see also* D.I. 58-68, 70-72.
[4] *See* D.I. 47; Delaware's Judicial Guidelines for Civil Hearings Involving Self-Represented Litigants, Rule 1.3.
[5] Ct. Ch. R. 12(c).

"There is no 'right' to a summary judgment."[6] Summary judgment is appropriate only where the moving party demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.[7] On any application for summary judgment, "the Court must view the evidence in the light most favorable to the non-moving party."[8] "Summary judgment must be denied 'if there is any reasonable hypothesis by which the opposing party may recover, or if there is a dispute as to a material fact or inferences to be drawn therefrom.'"[9]

The Court of Chancery has the power to reform a trust to conform to the settlor's intent, even after the death of the settlor, if the record "clearly and affirmatively establishes" a mistake.[10] The party seeking reformation must establish the mistake by clear and convincing evidence.[11] Jordan's submissions generate genuine issues of material fact as to the settlor's intent and the weight to be afforded the settlor's affidavit, the scrivener's affidavit, and the consents filed

---

[6] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002).

[7] *Twin Bridges Ltd. P'ship v. Draper*, 2007 WL 2744609, at *8 (Del. Ch. Sept. 14, 2007) (citing Ct. Ch. R. 56(c)).

[8] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[9] *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 1998 WL 731660, at *2 (Del. Ch. Oct. 9, 1998) (quoting *Seagraves v. Urstadt Prop. Co.*, 1996 WL 159626, at *3 (Del. Ch. Apr. 1, 1996)).

[10] *In re Trust Under Will of Flint for the Benefit of Shadek*, 118 A.3d 182, 195 (Del. Ch. 2015) (quoting *Roos v. Roos*, 203 A.2d 140, 142 (Del. Ch. 1964)).

[11] *Id.*

by other potential beneficiaries. Walter has not met his heightened burden. I recommend this Court deny Walter's motion for summary judgment.

Court of Chancery Rule 174 permits me to refer any trust matter for mediation before a non-judicial mediator. I believe that mediation would further the interests of justice and benefit the trust. David White, Esquire, has agreed to mediate this case. The parties shall confer with Mr. White to schedule mediation in short order, and Mr. White's fee shall be paid from the trust.[12] I will hold the October trial date, but hope that trial will not be needed.

Jordan also submitted some other concerns that I would like to address. First, Jordan complained that Walter has not responded to Jordan's interrogatories. I hope that Walter responded to Jordan's discovery requests by the discovery cutoff of July 21, 2017. If Walter has not responded, he shall do so within ten (10) days of the date of this letter. Second, Jordan indicated that Walter's counsel did not respond to Jordan's request to hold his deposition in New York so that Jordan, who is eighteen and proceeding *in forma pauperis*, would not have to pay for a train ticket to Delaware. Walter has not addressed this complaint. The trust shall

---

[12] *See* 12 *Del. C.* § 3584.

reimburse Jordan for the cost of his train ticket for his deposition within ten (10)

days of the date of this letter, and shall pay Jordan's costs to attend the mediation.[13]

This is a final report pursuant to Court of Chancery Rule 144.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

cc:     David White, Esquire

---

[13] *See id.* Jordan expressed concern about attending trial and being in close proximity to Stanley. I trust Mr. White can accommodate this concern and therefore expect Jordan to attend mediation in person.